UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELJVIR DUKA, : | |
| : | Civ. No. 13-3666 (RBK) |
| Petitioner, : | |
| : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |

Petitioner is a federal prisoner proceeding through counsel with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, *see* 28 U.S.C. § 2255 Rule 4(b), the Court has screened the motion for dismissal and determined that dismissal without an answer and a reply is not warranted.

On March 3, 2014, respondent renewed its request to conduct discovery. More specifically, respondent seeks to interview and obtain information from petitioner's former counsel, Troy A. Archie, Esq., as petitioner has raised ineffective assistance of counsel claims in his § 2255 motion.

Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provide that a court may for good cause authorize a party to conduct discovery pursuant to the Federal Rules of Criminal or Civil Procedure. Federal Rule of Civil Procedure 26(b)(1) permits discovery if the information requested is both relevant and non-privileged. "When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications." *United States v.*

1

*Pinson*, 584 F.3d 972, 978 (10th Cir. 2009). Several courts have also noted that the rule applies to the attorney's work product. *See Gary v. Hall*, 558 F.3d 1229, 1249 n. 36 (11th Cir. 2009) ("Gary's habeas allegations that [counsel] rendered ineffective assistance of counsel . . . operated to waive the attorney-client privilege and any claim to work product Gary may have had."); *Bittaker v. Woodford*, 331 F.3d 715, 722 n. 6 (9th Cir. 2003) (en banc) ("Although our decision is couched in terms of the attorney-client privilege, it applies equally to the work product privilege, a complementary rule that products many of the same interests.") (citation omitted); *United States v. Basham*, Crim. No. 02-992, 2012 WL 1130657, at *2 (D.S.C. Apr. 4, 2012). While a petitioner impliedly waives his attorney-client privilege when raising an ineffective assistance of counsel claim, "such waiver is narrow and does not extend beyond the adjudication of the ineffectiveness claim in the federal habeas proceeding." *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2770 (2013); *see also United States v. Scalise*, Civ. No. 12-61, 2012 WL 2367849, at *7 (W.D. Pa. June 21, 2012) ("The waiver is limited to conversations that bear on the strategic choices at issue.") (citations omitted).

      In light of petitioner's ineffective assistance of counsel claims raised in his § 2255 motion and accompanying memorandum of law, the Court finds there is good cause to grant respondent's motion for discovery. Respondent shall be permitted to interview and seek information from Mr. Archie (including documents), but only regarding information that relates to the subject matters of petitioner's various ineffective assistance of counsel claims set forth in his § 2255 motion and accompanying memorandum of law.

      Accordingly, IT IS on this   7th   day of   March  , 2014,

      ORDERED that respondent shall file an answer to the § 2255 motion within sixty (60) days of the date of this Order; and it is further

ORDERED that the answer shall respond to the allegations and grounds of the motion and shall adhere to Rule 5 of the Rules Governing Section 2255 Proceedings; and it is further

ORDERED that the answer shall address the merits of each claim raised in the motion; and it is further

ORDERED that the answer shall contain an index of exhibits; and it is further

ORDERED that if the answer refers to briefs or transcripts, orders, and other documents from prior proceedings, then respondent shall file them with the answer; and it is further

ORDERED that petitioner may serve and file a reply to the answer within forty-five (45) days after the answer is filed; and it is further

ORDERED that respondent's renewed motion for discovery is granted; respondent may interview petitioner's former counsel, Troy A. Archie, Esq., to make inquiries and obtain information (including documents) that relate to the subject matters of petitioner's ineffective assistance of counsel claims set forth in his § 2255 motion and accompanying memorandum of law.

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge
