

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*Norman Gross*                          *401 Market Street*              *Phone: (856) 968-4930*
*Assistant United States Attorney*      *Camden, New Jersey, 08101*      *norman.gross@usdoj.gov*

December 14, 2015

**BY HAND**
Honorable Robert B. Kugler
United States District Judge
Room 6040
Mitchell H. Cohen Federal Courthouse
One John F. Gerry Plaza
400 Cooper Street
Camden, NJ 08101

Re:   **United States v. Dritan Duka**, Civ. No. 13-3664 (RBK)
      **United States v. Shain Duka**, Civ. No. 13-3665 (RBK)
      **United States v. Eljvir Duka**, Civ. No. 13-3666 (RBK)

Dear Judge Kugler:

    I write to identify the matters that the Government would ask you to consider at the telephonic status conference scheduled in the above-referenced cases for Tuesday, December 15.

    The Government reads your opinion of September 30, 2015 and the accompanying orders in each of these cases to limit the evidentiary hearings to a single question: whether the former defense attorneys for the petitioners were ineffective because they were not prepared to have their clients testify in their defense at trial. In order to prevail on this claim, the petitioners have to prove that: (1) their former attorneys provided constitutionally deficient representation because they were not prepared to present petitioners

1

as witnesses at trial; and (2) had petitioners testified in their own defense, there is a reasonable probability that the outcome of the trial would have been different. Strickland v. Washington, 464 U.S. 668, 686, 694 (1984). Because petitioners bear the burden of proof on both of those prongs of their ineffectiveness claims, a finding by the Court that prior counsel provided constitutionally adequate representation would preclude relief.

The Government proposes that the Court initially address the first prong of the Strickland test, adequacy of representation, at the evidentiary hearings scheduled for January 6. Government counsel have met and discussed this issue with the three former defense attorneys, Michael Huff, former counsel for Dritan Duka, Troy Archie, former counsel for Eljvir Duka, and Michael Riley, former counsel for Shain Duka. Because Government counsel anticipate that the testimony of those attorneys will support the Government's position that former counsel were not ineffective, and that petitioners will likely treat former counsel as hostile witnesses, we propose that the Government call former counsel as its own witnesses at the evidentiary hearings and question them on direct examination.

The Government does not presently intend to call any witnesses at each of the evidentiary hearings other than the attorney who previously represented the particular petitioner. Each Petitioner could then cross-examine his former counsel and, if he elects, present evidence at the hearing. Having former counsel testify first at each of the evidentiary hearings should also minimize the disruption to their schedules.

Given that the Court has scheduled an hour for each of the evidentiary hearings, Government counsel anticipates that testimony on the first Strickland prong will consume the entire hearing in each of these cases. If that happens, the Court could then decide if it wants to take testimony on the second Strickland prong at a later date.

2

The Government intends to provide petitioners' current counsel with a list of its potential exhibits by December 22, and requests reciprocal discovery of petitioners' exhibits at the same time.

                              Respectfully submitted,

                              Paul J. Fishman
                              U.S. Attorney

                 by:   */s/ Norman Gross*

                              Norman Gross
                              Assistant U.S. Attorney

Cc:  Chad Edgar, Esquire (by email and ECF)
     Robert J. Boyle, Esquire (by email and ECF)
     Charles Swift, Esquire (by email and ECF)