UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ELJVIR DUKA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 13-3666 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

### I. INTRODUCTION

Petitioner, Eljvir Duka, is a federal prisoner. Previously, this Court denied petitioner's § 2255 motion to vacate, set aside or correct his sentence. Presently pending before this Court is petitioner's motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(6).[1] For the following reasons, petitioner's motion for relief from judgment will be denied.

### II. BACKGROUND

The factual background giving rise to petitioner's federal convictions was previously discussed by this Court. (*See* ECF No. 40). Briefly, petitioner, along with his two brothers, Dritan Duka and Shain Duka, as well as Mohamed Shnewer and Serdar Tatar were convicted of conspiracy to murder members of the United States military amongst other charges after a lengthy trial in 2008. The United States Court of Appeals for the Third Circuit affirmed petitioner's judgment of conviction in 2011. *See United States v. Duka*, 671 F.3d 329 (3d Cir. 2011).

---

[1] Petitioner's brothers, Shain and Dritan Duka, have also filed identical motions for relief from judgment that will be analyzed separately.

Thereafter, petitioner filed a motion to vacate, set aside or correct his sentence. Among the claims raised in that motion were several ineffective assistance of counsel claims; they were: (1) denial of the right to testify; (2) failure to request a First Amendment jury instruction; (3) failure to object to expert testimony; (4) failure to request juror voir dire after juror reaction; (5) failure to argue that a conversation was admissible under Federal Rule of Civil Procedure 803(3); (6) failure to request a hearing on a missing recording; and (7) failure to introduce a video recording.

On September 30, 2015, this Court denied all of petitioner's claims, except for his ineffective assistance of counsel claim related to his purported denial of his right to testify. (*See* ECF Nos. 40 & 41). Thereafter, this Court conducted an evidentiary hearing on that claim. That claim was ultimately also denied on May 31, 2016. (*See* ECF Nos. 59 & 60).

On February 6, 2017, the Third Circuit denied a certificate of appealability arising from this Court's decision to deny petitioner's § 2255 motion. (*See* ECF No. 65).

Two years later, petitioner filed the instant motion for relief from judgment. (*See* ECF No. 66). In the motion, petitioner claims as follows:

> Malice aforethought is a necessary element of the crime of conspiracy to commit murder in violation of 18 USC § 1117. But, at trial in this matter, the Court not only failed to instruct the jury as to malice aforethought, but, it affirmatively instructed the jury that the jury did not have to find malice aforethought. As Duka thus currently stands convicted of conspiracy to commit involuntary manslaughter, a non-existent offense, Duka is actually innocent, and, both trial counsel, and, post-conviction counsel, rendered ineffective assistance, making relief pursuant to Fed.R.Civ.P. 60(b)(6) appropriate.

(ECF No. 66 at 3) (internal citations omitted). In his brief, petitioner makes clear that he is attempting to bring two claims; namely that the indictment charged him with a non-existence offense of involuntary manslaughter because it did not charge malice aforethought and that the

2

jury instructions failed to instruct the jury on malice aforethought. As a basis for bringing this Rule 60(b)(6) motion, petitioner asserts ineffective assistance of counsel claims against his § 2255 counsel for: (1) failing to raise the issue of trial counsel's failure to move to dismiss the indictment because the indictment failed to charge malice aforethought; and (2) failing to raise the issue of trial counsel's failure to object the improper jury instructions.

### III. STANDARD OF REVIEW

As the Supreme Court has explained:

> Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Rule 60(b)(6) ... permits reopening when the movant shows "any ... reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5).

*Gonzalez v. Crosby,* 545 U.S. 524, 528–29 (2005). "[R]elief under Rule 60(b) is available only under such circumstances that the overriding interest in the finality and repose of judgments may properly be overcome." *Harris v. Martin,* 834 F.2d 361, 364 (3d Cir. 1987) (internal quotation marks and citations omitted).

Special considerations apply when a Rule 60(b) motion seeks relief from a habeas judgment. Specifically, "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." *Pridgen v. Shannon,* 380 F.3d 721, 727 (3d Cir.2004). In such cases where a petitioner fails to obtain authorization to file such a petition, a district court is without jurisdiction to entertain it. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (Petitioner "was required to receive authorization from Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.").

A petitioner may bring a successive habeas petition only in limited circumstances:

3

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). A Rule 60(b) motion will not be treated as a successive habeas petition "in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction." *Pridgen,* 380 F.3d at 727. In such cases, courts may consider the merits of the Rule 60(b) motion. *Id.*

## IV. DISCUSSION

### A. Second or Successive

A threshold question in this case is whether petitioner's motion for relief from judgment constitutes a second or successive § 2255 motion. If it does, then petitioner cannot proceed in this Court until such time as he receives authorization from the United States Court of Appeals for the Third Circuit to do so.

In *Gonzalez*, 545 U.S. at 532, the United States Supreme Court stated that a motion to set aside a judgment pursuant to Federal Rule of Civil Procedure 60(b) that seeks to add a new claim for relief qualifies as a second or successive habeas petition that requires pre-certification from the appropriate Court of Appeals to be filed. The Supreme Court explained that a "claim" "is an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530. As the Third Circuit has noted, where

> the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen*, 380 F.3d at 727 (3d Cir. 2004). While *Gonzalez* involved a habeas proceeding under § 2254, "courts have applied the reasoning of *Gonzalez* to § 2255 cases. *See United States v. Donahue*, 733 F. App'x 600, 603 n.3 (3d Cir. 2018) (citing *United States v. Arrington*, 763 F.3d 17, 22 (D.C. Cir. 2014)).

Petitioner's Rule 60(b)(6) motion seeks to collaterally attack his underlying conviction by raising new claims. It does not attack the way the earlier § 2255 motion was decided. Accordingly, it is a second or successive § 2255 motion. Petitioner has not received authorization from the Third Circuit to file this second or successive § 2255 motion.

Petitioner attempts to rely on *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014) and *Martinez v. Ryan*, 566 U.S. 1 (2012) to support his 60(b)(6) motion. As the Third Circuit noted in *Cox*,

> In *Martinez*, the Supreme Court held that, where state law requires a prisoner to raise claims of ineffective assistance of trial counsel in a collateral proceeding, rather than on direct review, a procedural default of those claims will not bar their review by a federal habeas court if three conditions are met: (a) the default was caused by ineffective assistance of post-conviction counsel or the absence of counsel (b) in the initial-review collateral proceeding (i.e., the first collateral proceeding in which the claim could be heard) and (c) the underlying claim of trial counsel ineffectiveness is "substantial," meaning "the claim has some merit," analogous to the substantiality requirement for a certificate of appealability.

*Cox*, 757 F.3d at 119; *see also Davila v. Davis*, 137 S. Ct. 2058, 2062-63 (2017) (noting that ineffective assistance of a petitioner's state postconviction counsel can be caused to overcome the default of a single claim – ineffective assistance of counsel "where the State effectively

requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal"). In *Cox*, as one court in this District has noted:

> the Third Circuit provided guidance for district courts considering Martinez issues in Rule 60(b) and habeas corpus motions. The court held that it has "not embraced any categorical rule that a change in decisional law is never an adequate basis for Rule 60(b)(6) relief." *Id.* at 121. Instead, it held "that intervening changes in the law rarely justify relief from final judgments under 60(b)(6)." *Id.* (citation omitted).

*Menter v. Warren*, No. 13-5758, 2018 WL 678444, at *2 (D.N.J. Feb. 1, 2018).

*Martinez* and *Cox* appear to be inapplicable in this § 2255 action. *See United States v. Schmutzler*, Crim. No. 12-65, 2017 WL 2987160, at *2-3 (M.D Pa. July 13, 2017) (finding that petitioner in § 2255 proceedings could not rely on ineffective assistance of postconviction counsel and *Martinez* to constitute extraordinary circumstances justifying reopening proceedings under Rule 60(b)) (citing *United States v. Lee*, 792 F.3d 1021, 1024 (8th Cir. 2015); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012)); *United States v. Valdez*, No. 15-577, 2017 WL 2629432, at *30 (W.D. La. Apr. 27, 2017) ("*Martinez* is inapplicable to federal prisoners seeking to challenge their federal convictions.") (citations omitted); *report and recommendation adopted by*, 2017 WL 2625373 (W.D. La. June 15, 2017); *United States v. Craft*, Crim. No. 02-011-01, 2015 WL 13779218, at *1 (M.D. Pa. March 11, 2015) (noting that *Martinez* and *Cox* do not apply to section 2255 motions); *United States v. Williams*, Crim. No. 02-172-7, 2013 WL 12142620, at *1 (E.D. Pa. Feb. 28, 2013) (*Martinez* is inapplicable to federal convictions and sentences and therefore inapplicable to Petitioner's Rule 60(b) motion[.]"); *but see United States v. Sheppard*, 742 F. App'x 599, 601-02 (3d Cir. 2018) (non-precedential) (assuming, without deciding, that *Martinez* applies to federal prisoners).

In this case, and unlike *Martinez*, petitioner is not asserting that a change in the law would permit consideration of the merits of any claim in his original 2255 motion that had

previously determined to be procedurally barred. Furthermore, petitioner does not assert that there has been a change in the law that makes a claim previously denied on the merits now meritorious. Instead, petitioner's arguments in his Rule 60(b)(6) motion raise entirely new claims of ineffective assistance of counsel for failing to object to the indictment and to the jury instructions. Petitioner argues that he should be permitted to bring these claims in this Rule 60(b) motion because his § 2255 counsel was ineffective by not bringing them in his original § 2255 motion. Construed as such, the motion is a second or successive 2255 motion that this Court lacks jurisdiction to rule upon absent authorization from the Third Circuit. *Accord United States v. Bell*, Crim. No. 95-163, 2017 WL 4167825, at *6-7 (M.D. Pa. Sept. 20, 2017) (petitioner presenting new claims for relief from criminal judgment "is essentially a second or successive 2255 motion that we lack jurisdiction to consider"). Accordingly, the motion will be denied will be denied as it constitutes a second or successive § 2255 motion that lacks the required Third Circuit authorization.[2]

## V. CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255. "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). To the extent one may be necessary, this Court declines to grant petitioner a certificate of appealability.

---

[2] This Court does not find it is in the interest of justice to transfer petitioner's Rule 60(b)(6) motion to the Third Circuit so that it could consider it as a request to file a second or successive § 2255. However, nothing in this opinion should be construed by petitioner as preventing him from doing so directly should he elect to do so.

7

## VI. CONCLUSION

For the foregoing reasons, petitioner's motion for relief from judgment is denied as it is a second or successive § 2255 motion that lacks the necessary authorization from the Third Circuit. A certificate of appealability shall not issue. An appropriate order will be entered.


DATED:  June 12, 2019                                         s/Robert B. Kugler
                                                                      ROBERT B. KUGLER
                                                                      United States District Judge